_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01736-FWS-DFM  Date: September 11, 2024

Title: Garrison Property and Casualty Insurance Company, *et al*. v. Hyundai Motor America, *et al.*

---

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                                  Not Present

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND [15]**

This case arises out of a Complaint in Subrogation filed by Plaintiff Garrison Property & Casualty Insurance Company, Plaintiff United Services Automobile Association, Plaintiff USAA Casualty Insurance Company, Plaintiff USAA General Indemnity Company, and Plaintiff USAA, S.A. (collectively, "Plaintiffs") against Defendant Hyundai Motor America, Defendant Hyundai Motor Company, Defendant Kia America, Inc., and Defendant Kia Corporation (collectively, "Defendants") in Orange County Superior Court. (*See generally* Dkt. 1-2 (Complaint in Subrogation).) In the Complaint, Plaintiffs assert eleven state-law causes of action against Defendants. (*See id.* ¶¶ 147-277.)

On August 8, 2024, Defendants removed the case to this court on the basis of diversity jurisdiction. (Dkt. 1 (Notice of Removal) at 3.) In the Notice of Removal, Defendants acknowledged that complete diversity of citizenship existed in part due to the fact that certain defendants had not yet been served with the Complaint. (*Id.* at 4.) In other words, Defendants attempted to perform a "snap removal," or "[t]he practice of circumventing application of the forum-defendant rule by removing before defendants are served." *Lam Sing v. Sunrise Senior Mgmt., Inc.*, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01736-FWS-DFM                                              Date: September 11, 2024

Title: Garrison Property and Casualty Insurance Company, *et al*. v. Hyundai Motor America, *et al.*

___

On September 6, 2024, Plaintiffs filed a Motion to Remand, arguing that "Plaintiffs successfully served at least one California Defendant before Defendants filed the Notice of Removal." (Dkt. 15 ("Motion") or "Mot.").)  In the Motion, Plaintiffs stated that "Plaintiffs and Defendants met and conferred in advance of filing this Motion, and Defendants do not oppose Plaintiffs' Motion to Remand."  (*Id.* at 2.)

On September 10, 2024, Defendants filed a Statement of Non-Opposition to the Motion, stating that they "do not oppose plaintiffs' motion to remand (Dkt. 15-1) for the sole reason that it appears service on one California defendant was effectuated before the removal papers were filed."  (Dkt. 17 at 2.)

The record before the court reflects that there is not complete diversity of citizenship in this case, and that the court therefore lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1332(a).  "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Because the court determines it lacks subject matter jurisdiction, the court must remand this case to state court.  28 U.S.C. § 1447(c).  Accordingly, the unopposed Motion is **GRANTED**.  *See also* C.D. Cal. L.R. 7-12 (explaining that failure to oppose a motion "may be deemed consent to the granting or denial of the motion").  This case is **REMANDED** to Orange County Superior Court as case number 30-2024-01417319-CU-NP-NJC.

Finally, the court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the hearing set for October 10, 2024, is **VACATED** and off calendar.  The Order to Show Cause [13] is hereby **DISCHARGED.**

___